UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHNNY D. TURNER,

        Plaintiff,

   v.

PIERCE COUNTY SHERIFF *et al.*,

        Defendants.

Case No. C08-5449BHS/JKA

ORDER STRIKING PLAINTIFF'S "ORDER TO SHOW CAUSE" AND DIRECTING PLAINTIFF TO FILE AN AMENDED COMPLAINT

This civil rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B). Plaintiff was given leave to proceed *in forma pauperis*. Plaintiff has filed a number of improper filings in this action. On July 28, 2008, plaintiff filed an "Order To Show Cause" (Dkt. # 3). Parties to litigation file motions, responses to motions, or replies to responses. See, Local Rule 7. Plaintiff's attempt to enter an order is improper. Dkt. # 3 is hereby **STRICKEN** from this action. The document will remain in the file but the court will take no further action on this pleading.

Plaintiff has also sent the court two letters (Dkt # 6 and 7). The first letter, (Dkt. # 6), informs the clerk's office he has no paper, and he may be submitting documents on the back of used paper. Plaintiff is informed that if it is not clear to the clerk's office which side of a document plaintiff intends to file the

document may be returned to him.

In Plaintiff's second letter, (Dkt #7), plaintiff informs the court this action deals only with the plaintiff's challenge to his prosecution and not the conditions of his confinement (Dkt. # 7). Plaintiff states the defendants to this action are the defense attorney "Arron Talney", and the Pierce County Prosecutor (Dkt. # 7). Plaintiff refers to the action as a "Class Action Suit."

The court conducts business by motions, not letters. The court has considered Dkt. # 7.

In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (l) the conduct complained of was committed by a person acting under color of state law and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled on other grounds*, Daniels v. Williams, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985), cert. denied, 478 U.S. 1020 (1986).

A defense attorney, even if they are assigned counsel, does not act under color of state law. *See* Polk County v. Dodson, 454 U.S. 312, 317-18 (1981). Thus, the current complaint fails to state a claim against this person. Further, when a person confined by the state is challenging the very fact or duration of his physical imprisonment, and the relief he seeks will determine that he is or was entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). In June 1994, the United States Supreme Court held that "[e]ven a prisoner who has fully exhausted available state remedies **has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus.**" Heck v. Humphrey, 512 U.S. 477, 487 (1994)(emphasis added). The court added:

> Under our analysis the statute of limitations poses no difficulty while the state challenges are being pursued, since the § 1983 claim has not yet arisen. . . . [A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated.

Id. at 489. "[T]he determination whether a challenge is properly brought under § 1983 must be made based upon whether 'the nature of the challenge to the procedures [is] such as necessarily to imply the invalidity of the judgment.' *Id*. If the court concludes that the challenge would necessarily imply the invalidity of the judgment or continuing confinement, then the challenge must be brought as a petition for a writ of habeas

corpus, not under § 1983." Butterfield v. Bail, 120 F.3d 1023, 1024 (9th Cir.1997) (*quoting* Edwards v. Balisok, 520 U.S. 641 (1997)).  Here, plaintiff is attempting to challenge the propriety of his state conviction.  He may not do so without showing the conviction has been reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus.

Plaintiff is ordered to file an amended complaint curing the defects noted above.  Plaintiff will have until **September 12, 2008**, to file the amended complaint.  The amended complaint will act as a complete substitute for the original.  If the amended complaint does not cure the defects noted in this order, or does not state a claim, the court will recommend this action be dismissed with the dismissal counting as a strike pursuant to 28 U.S.C. 1915 (g).

The clerk's office is directed to send a copy of this order to plaintiff and to note the **September 12, 2008,** date on the court's calendar.

DATED this 12 day of August, 2008.

>*/S/ J. Kelley Arnold*
> J. Kelley Arnold
> United States Magistrate Judge