1
2
3
4
5
6
7
8
9
10                          UNITED STATES DISTRICT COURT
                            WESTERN DISTRICT OF WASHINGTON
11                                      AT TACOMA
12

13   JOHNNY D. TURNER,

14                          Plaintiff,

15            v.                                    Case No.  C08-5449BHS

16   PIERCE COUNTY SHERIFF *et al.*,
                                                   REPORT AND
17                          Defendants,             RECOMMENDATION

18                                                 **NOTED FOR:**
19                                                 September 29, 2008
20

21            This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge

22   pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and

23   MJR 4.  The court ordered plaintiff to file an amended complaint (Dkt # 8).  Plaintiff complied on August 19,

24   2008 (Dkt. # 11).

25            In the amended complaint plaintiff eliminates all defendants, except his criminal defense counsel and

26   the county prosecutor.  Further, plaintiff eliminates all claims regarding conditions of confinement at the Pierce

27   County Jail.  Plaintiff's remaining allegations are that he was denied speedy trial in a criminal matter, and that

28   defense counsel was negligent and "deliberately indifferent" to his constitutional rights (Dkt. # 11).  Plaintiff

attempts to implicate the prosecutor for the alleged denial of plaintiff's speedy trial rights.

When the court ordered plaintiff to amend the complaint the court informed him:

> In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (l) the conduct complained of was committed by a person acting under color of state law and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled on other grounds*, Daniels v. Williams, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985), cert. denied, 478 U.S. 1020 (1986).

> A defense attorney, even if they are assigned counsel, does not act under color of state law. *See* Polk County v. Dodson, 454 U.S. 312, 317-18 (1981). Thus, the current complaint fails to state a claim against this person. Further, when a person confined by the state is challenging the very fact or duration of his physical imprisonment, and the relief he seeks will determine that he is or was entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). In June 1994, the United States Supreme Court held that "[e]ven a prisoner who has fully exhausted available state remedies **has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus.**" Heck v. Humphrey, 512 U.S. 477, 487 (1994)(emphasis added). The court added:

> Under our analysis the statute of limitations poses no difficulty while the state challenges are being pursued, since the § 1983 claim has not yet arisen. . . . [A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated.

> Id. at 489. "[T]he determination whether a challenge is properly brought under § 1983 must be made based upon whether 'the nature of the challenge to the procedures [is] such as necessarily to imply the invalidity of the judgment.' *Id*. If the court concludes that the challenge would necessarily imply the invalidity of the judgment or continuing confinement, then the challenge must be brought as a petition for a writ of habeas corpus, not under § 1983." Butterfield v. Bail, 120 F.3d 1023, 1024 (9th Cir.1997) (*quoting* Edwards v. Balisok, 520 U.S. 641 (1997)). Here, plaintiff is attempting to challenge the propriety of his state conviction. He may not do so without showing the conviction has been reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus.

> Plaintiff is ordered to file an amended complaint curing the defects noted above. Plaintiff will have until **September 12, 2008**, to file the amended complaint. The amended complaint will act as a complete substitute for the original. If the amended complaint does not cure the defects noted in this order, or does not state a claim, the court will recommend this action be dismissed with the dismissal counting as a strike pursuant to 28 U.S.C. 1915 (g).

(Dkt. # 9). As a matter of law plaintiff's amended complaint fails to state a claim. The two named

department of assigned counsel defendants do not act under color of state law. Further, the claims against

the Prosecutor call into question the propriety of plaintiff's criminal conviction. Plaintiff has not shown

that the conviction has been reversed, expunged, invalidated, or impugned by the grant of a writ of habeas

corpus.

Given that a claim regarding the prosecutor has not yet accrued, the action should be **DISMISSED WITHOUT PREJUDICE.** Plaintiff is still responsible for the filing fee. Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **September 26, 2008,** as noted in the caption.

DATED this 2 day of September, 2008.

*/S/ J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge